IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KNIGHT SPECIALTY** § | | |
| **INSURANCE COMPANY** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| VS. § | Civil Action No. | 3:21-cv-313 |
| § | | |
| **JBR EXPRESS, INC., JORGE I. BUCIO** § | | |
| **CARDOSO, MARIA CAMPUSANO,** § | | |
| **JOLEEN YOUNGERS as Personal** § | | |
| **Representative of the Estate of Edgar Nieto,** § | | |
| **and PAULA NIETO as Surviving** § | | |
| **Spouse of Edgar Nieto** § | | |
| § | | |
| **Defendants.** § | | |

**KNIGHT SPECIALTY INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Knight Specialty Insurance Company, Plaintiff in the above-styled and referenced cause, and files its Original Complaint for Declaratory Judgment as follows:

**I.**
**STATEMENT OF THE CASE**

1.1   This is an action for declaratory relief filed pursuant to Title 28 U.S.C. 2201, et seq., in which the Knight Specialty Insurance Company ("KSIC") seeks a declaration regarding its rights and obligations under a policy of insurance issued to JBR Express Inc. ("JBR Express"). JBR Express, Jorge I. Bucio Cardoso ("Cardoso") and Maria Campusano ("Campusano") (collectively "the JBR Defendants") have been sued under Case Number D-101-CV-2021-01696 in the 1st Judicial District Court of Santa Fe County, New Mexico ("the Underlying Lawsuit") by Joleen Youngers as Personal Representative of the Estate of Edgar Nieto and by Paula Nieto as the Surviving Spouse of Edgar Nieto (collectively "the Nieto Defendants") for negligence as the

result of a motor vehicle accident which took the life of Edgar Nieto. The JBR Defendants seek coverage under the KSIC policy for the claims being made against them in the Underlying Lawsuit. KSIC seeks a judicial declaration that the policy of insurance issued to JBR Express does not apply to afford coverage for the claims made against the JBR Defendants in the Underlying Lawsuit.

## II.
## PARTIES

2.1     Plaintiff Knight Specialty Insurance Company is a corporation incorporated in the State of Delaware with its principal place of business in Los Angeles, California.

2.2     Defendant JBR Express Inc. is a corporation incorporated in the State of Texas with its principal place of business in Fort Hancock, Texas and may be served with process at 360 S. Knox Avenue in Fort Hancock, Texas 79839 (P.O. Box 157, Fort Hancock, Texas 79839-0157).

2.3     Defendant Jorge I. Bucio Cardoso is a citizen of the State of Texas and a resident of Fort Hancock, Texas and may be served with process at 360 S. Knox Avenue in Fort Hancock, Texas 79839 (P.O. Box 157, Fort Hancock, Texas 79839-0157), or at 904 W. Montgomery Avenue in Midland, Texas 79701.

2.4     Defendant Maria Campusano is a citizen of the State of Texas and a resident of Harris County, Texas, and may be served with process at 2114 Monarch Hollow Lane in Katy, Texas 77449.

2.5     Defendant Joleen Youngers as Personal Representative of the Estate of Edgar Nieto is a citizen of the State of Texas in accordance with 28 U.S.C. 1332(c)(2) because Edgar Nieto was a citizen of the State of Texas, and may be served with process at 531 Dolores Street #B, Santa Fe, New Mexico 87501-1815.

2.6     Defendant Paula Nieto is a citizen of the State of Texas and a resident of Cameron County, Texas, and may be served with process at 2504 Venice in Brownsville, Texas 78520-

8455.

### III.
### JURISDICTION AND VENUE

3.1     This is an action for declaratory judgment pursuant to Title 28 U.S.C. 2201, et seq., filed for the purpose of determining questions of actual controversy between the parties as hereinafter more fully appears. Jurisdiction of this action is based on Title 28 U.S.C. 1332(a), there being diverse citizenship between the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and cost.

3.2     Venue is properly placed under 28 U.S.C. 1391 because Defendant JBR Express Inc. is located and does business in Fort Hancock, Hudspeth County, Texas which is in the Western District of Texas.

### IV.
### THE UNDERLYING LAWSUIT

4.1     This is an action for declaratory judgment in which KSIC seeks a declaration of its rights and obligations under a policy of insurance issued to JBR Express. JBR Express, its owner Cardoso and its principal Campusano have been sued in the Underlying Lawsuit by the Nieto Defendants for the death of Edgar Nieto which resulted from a motor vehicle collision which occurred on November 20, 2019 in Cibola County, New Mexico.  KSIC shows the Court that there exists a justiciable controversy because the JBR Defendants have requested coverage under a Commercial Automobile Liability Insurance Policy issued to JBR Express by KSIC, for the claims made against them in the Underlying Lawsuit.

4.2     According to the "Complaint for Negligence, Personal Injuries, Punitive Damages and Jury Demand" from the Underlying Lawsuit, Defendant JBR Express is a motor carrier licensed by the U.S. Department of Transportation ("DOT") which employed Edgar Nieto as a

**KNIGHT SPECIALTY INSURANCE COMPANY'S**
<u>**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**</u> - 3

commercial truck driver. According to the Nieto Defendants, on November 20, 2019, Defendant JBR Express, Defendant Cardoso and Defendant Campusano were Edgar Nieto's employers, and Edgar Nieto's statutory employers based on the DOT regulations, the Federal Motor Carrier Safety Act ("FMCSA") and the Federal Motor Carrier Safety Regulations ("FMCSR"). The Nieto Defendants allege that Edgar Nieto was killed on November 20, 2019 as the result of a collision which occurred while he was driving a 2013 Kenworth semi-tractor owned by the JBR Defendants in the course and scope of his employment with the JBR Defendants. They claim that the collision was caused by defective conditions of the truck Edgar Nieto was driving and by unsafe work conditions.

4.3   Based on those allegations the Nieto Defendants assert claims against each of the JBR Defendants for negligence and negligence *per se* under the New Mexico Wrongful Death Act and the New Mexico Workers Compensation Act. The negligence claims are premised on allegations that the JBR Defendants failed to provide Edgar Nieto a safe place to work, failed to provide safe and suitable equipment, failed to establish and enforce safe rules and procedures, and failed to provide proper supervision, while the claims under the Workers Compensation Act are based on an allegation that the JBR Defendants failed to obtain and maintain workers compensation insurance contrary to New Mexico law.

V.
THE INSURANCE POLICY

5.1   Knight Specialty Insurance Company issued a Commercial Automobile Liability Insurance Policy with a Truckers Coverage Form to "Cross Border Intermodal Association Transportation, A Risk Purchasing Group" for the period November 27, 2018 to November 27, 2019. The Master Policy number is WGTTX. Certificate Number 000559-00 of Master Policy

WGTTX issued for the period May 22, 2019 to May 22, 2020 lists JBR Express Inc. as the named insured. JBR Express Inc. is located in Fort Hancock, Texas.

5.2     According to Certificate Number 000559-00, Automobile Liability coverage is afforded for vehicles denoted by symbol "46" subject to a $1,000,000 limit. Category "46" refers to "Specifically Described 'Autos,'" which is defined to mean "[o]nly those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)." The 2013 Kenworth semi-truck that Edgar Nieto operated at the time of the accident is listed in the Schedule of Covered Autos.

## VI.
## THE INSURING AGREEMENT

6.1     The insuring agreement of the Truckers Coverage Form included in the KSIC policy provides in pertinent part:

Section II - Liability Coverage

A.     Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury"[1] or "property damage" to which this insurance applies, caused by an "accident"[2] and resulting from the ownership, maintenance or use of a covered "auto."

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos." However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident."

---

[1] According to the KSIC policy, "bodily injury" means "bodily injury, sickness or disease sustained by a person including death resulting from any of these."

[2] The policy provides that the term "accident" includes "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'"

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

B.  Who Is An Insured

The following are "insureds":

a.  You [the named insured] for any covered "auto."

b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1)  The owner or anyone else from whom you hire or borrow a covered "private passenger type auto."

   (2)  Your "employee" or agent if the covered "auto" is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household.

   (3)  Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

   (4)  Anyone other than your "employees," partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower or any of their "employees," while moving property to or from a covered "auto."

   (5)  A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "private passenger type auto" owned by him or her or a member of his or her household.

c.  The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected:

   (1)  is being used exclusively in your business as a "trucker"; and

   (2)  is being used pursuant to operating rights granted to you by a public authority.

d.  The owner or anyone else from whom you hire or borrow a covered "auto" that is not a "trailer" while the covered "auto":

(1) is being used exclusively in your business as a "trucker"; and

(2) is being used pursuant to operating rights granted to you by a public authority.

e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

a. Any "trucker" or his or her agents or "employees," other than you and your "employees":

(1) If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

(2) If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "truckers" business and pursuant to operating rights granted to the "trucker" by a public authority.

b. Any rail, water or air carrier or its "employees" or agents, other than you and your "employees," for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

(1) Is being transported by the carrier; or

(2) Is being loaded on or unloaded from any unit of transportation by the carrier.

6.2 In order to fall within the scope of potential coverage under the KSIC policy, the claims made in the Underlying Lawsuit must be against an "insured" and involve allegations of "bodily injury" or "property damage" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." The Underlying Lawsuit clearly involves allegations of "bodily injury" caused by an "accident" as those terms are defined by the KSIC policy. Moreover, the 2013 Kenworth truck involved in the accident is a covered auto under the policy.

**KNIGHT SPECIALTY INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT** - 7

## VII.
## THE POLICY EXCLUSIONS

7.2     The KSIC policy includes the following exclusionary provisions:

This insurance does not apply to any of the following:

\* \* \*

3.      Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4.      Employee Indemnification And Employer's Liability

"Bodily injury" to:

a.      An "employee"[3] of the "insured" arising out of and in the course of:

(1)     Employment by the "insured"; or

(2)     Performing the duties related to the conduct of the "insured's" business; or

---

[3] According to the KSIC policy, "employee" "includes a 'leased worker'" and "does not include a 'temporary worker'." "Leased worker" means "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business," and "does not include a 'temporary worker.'" "Temporary worker" means "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."  KSIC relies on these provisions in seeking declaratory judgment.

**KNIGHT SPECIALTY INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT** - 8

      b.      The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

    (1)    Whether the "insured" may be liable as an employer or in any other capacity; and

    (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract." For purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

KSIC relies on these exclusions in seeking declaratory judgment. These exclusions apply to preclude coverage under the KSIC policy for the Nieto Defendants' claims in the Underlying Lawsuit.

## VIII.
## COVERAGE DOES NOT APPLY

8.1     Based on the above-referenced terms and provisions of the Commercial Automobile Liability Insurance Policy, KSIC is not obligated to defend or indemnify the JBR Defendants for the Nieto Defendants' claims made against them in the Underlying Lawsuit.

8.2     Based on the above-referenced terms and provisions of the Commercial Automobile Liability Insurance Policy, KSIC is not obligated to provide coverage to the JBR Defendants for the Nieto Defendants' claims made against them in the Underlying Lawsuit.

8.3     Based on the above-referenced terms and provisions of the Commercial Automobile Liability Insurance Policy, KSIC is not obligated to provide coverage under the policy for any injury or damages claimed by the Nieto Defendants in the Underlying Lawsuit.

8.4     All conditions precedent to filing this lawsuit have occurred.

**KNIGHT SPECIALTY INSURANCE COMPANY'S**
<u>**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**</u> **- 9**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Knight Specialty Insurance Company prays:

1. that the Court find that Knight Specialty Insurance Company is not obligated under Certificate Number 000559-00 of Master Policy WGTTX issued to JBR Express Inc. to defend or indemnify JBR Express Inc., Jorge I. Bucio Cardoso, and Maria Campusano for the claims made against them by Joleen Youngers as Personal Representative of the Estate of Edgar Nieto and by Paula Nieto as the Surviving Spouse of Edgar Nieto in Case Number D-101-CV-2021-01696 in the First Judicial District Court of Santa Fe County, New Mexico;

2. that the Court find that Knight Specialty Insurance Company is not obligated under Certificate Number 000559-00 of Master Policy WGTTX issued to JBR Express Inc. to afford coverage for the claims made by Joleen Youngers as Personal Representative of the Estate of Edgar Nieto and by Paula Nieto as the Surviving Spouse of Edgar Nieto against JBR Express Inc., Jorge I. Bucio Cardoso, and Maria Campusano in Case Number D-101-CV-2021-01696 in the First Judicial District Court of Santa Fe County, New Mexico;

3. that the Court find that Knight Specialty Insurance Company is not obligated under Certificate Number 000559-00 of Master Policy WGTTX issued to JBR Express Inc. to afford coverage for any injury or damages claimed by Joleen Youngers as Personal Representative of the Estate of Edgar Nieto and by Paula Nieto as the Surviving Spouse of Edgar Nieto in Case Number D-101-CV-2021-01696 in the First Judicial District Court of Santa Fe County, New Mexico;

4. that the Court award Knight Specialty Insurance Company its attorneys' fees incurred in this action;

5. that the Court award Knight Specialty Insurance Company its costs incurred in this action; and

6. that the Court award Knight Specialty Insurance Company such other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**STACY | CONDER | ALLEN LLP**

By: */s/ Roy L. Stacy*
Roy L. Stacy - Attorney in Charge
State Bar No. 18988900
Federal ID No. 18635
stacy@stacyconder.com
Clinton D. Howie
State Bar No. 00796782
howie@stacyconder.com
Pamela J. Touchstone
State Bar No. 20150250
Federal ID No. 18308
touchstone@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 Fax

**ATTORNEYS FOR PLAINTIFF**

#674329///2961.21056